IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHELLY J. VOLK,                                          No.  6:13-cv-01213-HZ

             Plaintiff,                               OPINION & ORDER

    v.

CAROLYN COLVIN, Acting Commissioner,
Social Security Administration,

             Defendant.


Kathryn Tassinari
Brent Wells
Harder, Wells, Baron & Manning, P.C.
474 Willamette, Suite 200
Eugene, OR 97401

      Attorneys for Plaintiff

Adrian L. Brown
U.S. Attorney's Office
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204


1 - OPINION & ORDER

Courtney Garcia
Social Security Administration
Office of the General Counsel
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA 98104

    Attorneys for Defendant

HERNÁNDEZ, District Judge:

    Plaintiff Shelly Volk ("plaintiff") seeks judicial review of the final decision of the

Commissioner of the Social Security Administration ("Commissioner") denying her application

for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.  This court

has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c).  Because the Commissioner's decision is

supported by substantial evidence, the decision is AFFIRMED.

## BACKGROUND

    Born in 1957, plaintiff was 55 years old at the time of the administrative hearing.  Tr. 37-

38.  She speaks English and completed the 11th grade, and has past work experience as a cashier,

a merchandise stocker, and a cook.  Tr. 204-05.  Plaintiff filed an application for DIB on

February 3, 2011, alleging disability as of August 5, 2010 due to fibromyalgia, lupus, arthritis,

tendonitis, and neuropathy.  Tr. 148-51, 204.

    The Commissioner denied plaintiff's application initially and upon reconsideration, and

she requested a hearing before an Administrative Law Judge ("ALJ").  Tr. 96-99, 102-04, 109.

After an administrative hearing, held on January 15, 2013, ALJ John J. Madden, Jr. issued a

decision denying plaintiff's claim on January 29, 2013.  Tr. 16-31.  The Appeals Council denied

plaintiff's subsequent request for review on May 15, 2013, making the ALJ's decision the final

Agency decision.  Tr. 1-6; 20 C.F.R. § 422.210 (2014).  Plaintiff now seeks judicial review of

that decision.

SEQUENTIAL DISABILITY ANALYSIS

A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated according to a five-step procedure.  See Valentine v. Comm'r, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability).  The claimant bears the ultimate burden of proving disability. Id.

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity."  If so, the claimant is not disabled.  Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(b).  In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments."  Yuckert, 482 U.S. at 140-41; 20 C.F.R. § 404.1520(c).  If not, the claimant is not disabled.

In step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity."  Yuckert, 482 U.S. at 141; 20 C.F.R. § 404.1520(d).  If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity ("RFC") to perform "past relevant work."  20 C.F.R. § 404.1520(e).  If the claimant can, the claimant is not disabled.  If the claimant cannot perform past relevant work, the burden shifts to the Commissioner.  In step five, the Commissioner must establish that the claimant can perform other work.  Yuckert, 482 U.S. at

141-42; 20 C.F.R. § 404.1520(e) & (f).  If the Commissioner meets his burden and proves that

the claimant is able to perform other work which exists in the national economy, the claimant is

not disabled.  20 C.F.R. § 404.1566.

THE ALJ'S DECISION

The ALJ performed the sequential analysis. At step one, he found that plaintiff had not

engaged in substantial gainful activity during the relevant period.  Tr. 21.  At step two, the ALJ

found plaintiff had the following severe impairments: obesity, lupus, fibromyalgia, mild

degenerative changes in the bilateral knees, mild lumbar and thoracic degenerative disc disease,

and bilateral foot pain secondary to osteoarthritis.  Id.  At step three, the ALJ found that

plaintiff's impairments did not meet or medically equal a listed impairment.  Tr. 22.

The ALJ next assessed plaintiff's RFC and determined that plaintiff retained the ability to

perform light work with a sit/stand option, with the limitation that she could only occasionally

climb and crawl, and she could frequently balance.  Tr. 22.  At step four, the ALJ found that

plaintiff was capable of performing her past work as a cashier.  Tr. 27.  Accordingly, the ALJ

found that plaintiff was not disabled.  Id.

STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner

applied proper legal standards and the findings are supported by substantial evidence in the

record.  42 U.S.C. § 405(g); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th

Cir. 2004).  "Substantial evidence" means "more than a mere scintilla, but less than a

preponderance."  Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009)

(quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)).  It is "such relevant evidence

as a reasonable mind might accept as adequate to support a conclusion."  Id.

This court must weigh the evidence that supports and detracts from the ALJ's conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998)).  The reviewing court may not substitute its judgment for that of the Commissioner.  Id. (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)); see also Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).  Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational.  Id.; see also Batson, 359 F.3d at 1193.  However, this Court cannot now rely upon reasoning the ALJ did not assert in affirming the ALJ's findings.  Bray, 554 F.3d at 1225-26 (citing SEC v. Chenery Corp., 332 U.S. 194, 196 (1947)); see also Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (citing same).

DISCUSSION

Plaintiff argues that the ALJ erred by (1) rejecting her credibility; (2) rejecting the medical opinions of Lauren Grey, M.D., and Frank Lahman, Ph.D.; (3) rejecting the lay opinion of Michael King; and (4) failing to find plaintiff's depression was severe at step two.

I.    Credibility

Plaintiff contends that the ALJ failed to provide legally sufficient reasons for rejecting her testimony.  In assessing the credibility of a claimant's testimony regarding subjective pain or the intensity of symptoms, the ALJ engages in a two-step analysis.  20 C.F.R. § 404.1529. First, the ALJ determines whether there is objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of symptoms.  Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996).  If such evidence exists, and barring affirmative evidence of malingering, the ALJ must give clear and convincing reasons for discrediting the claimant's testimony regarding the severity of the symptoms.  Id. at 1284; see also Lingenfelter, 504 F.3d at 1036.  If the record contains affirmative evidence of malingering, the ALJ need only provide

specific and legitimate reasons for an adverse credibility finding. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ may consider many factors in weighing a claimant's credibility, including: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities. Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008). Where the ALJ's credibility findings are supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002). However, a general assertion that plaintiff is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); see also Morgan, 169 F.3d at 599.

At the time of the hearing, plaintiff testified that she was working as a cashier about five hours a day, four days a week. Tr. 38. She stated that she could not work more than 20 hours per week. Id. She uses an accommodation at work that allows her to sit for about one hour during a 5-hour day. Tr. 48. On her first day off after working, plaintiff will spend the day lying on the couch. Tr. 42. She testified that she needs to rest after a day of work because due to pain in her back, neck, and shoulder. Tr. 48-49.

Plaintiff stated that her biggest obstacle to working is caused by her foot pain, which has caused her to miss days of work. Tr. 50-51. She stated that injections help with her neck and back pain. Tr. 50. Her symptoms fluctuate, impacting her ability to perform activities. When plaintiff is not feeling well, her fiancé cleans the house, does the dishes, and cooks for her. Tr.

53-54.  She testified that she liked to work in the yard and would spend up to four hours at a time

doing so.  Tr. 42, 54.  Plaintiff stated that she does not usually miss work, even when she is

experiencing a pain flare, because she "was just raised that way."  Tr. 51, 53.  She testified that

she suffers from migraines "[e]very day."  Tr. 51.

The ALJ found that plaintiff was not credible in her testimony, and gave clear and

convincing reasons for doing so.  Tr. 23.  First, the ALJ noted that plaintiff's testimony was

contradicted by medical evidence in the record.  Tr. 24.  Conflicts between a claimant's

testimony and the objective medical evidence in the record can undermine a claimant's

credibility.  Morgan, 169 F.3d at 600.  Here, despite plaintiff's allegations that she was disabled

in part due to arthritis, the record shows that on examination plaintiff had no significant objective

inflammatory arthritis and no morning stiffness.  Tr. 24, 329.  Further, while plaintiff claimed

that she needed to lie down often, there are no treatment records in plaintiff's medical history to

support this.  Tr. 24, 38, 42.  The conflict between plaintiff's testimony and the medical record

provides some justification for the ALJ's credibility finding.  Morgan, 169 F.3d at 600.

Second, the ALJ found that plaintiff's activities of daily living undermined her

credibility.  Tr. 23-24.  Daily activities that are inconsistent with a claimant's alleged symptoms

provide a relevant credibility consideration.  Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir.

2001).  Plaintiff alleged that she could not function for much of the day, work full-time, or hold

her head up for more than five minutes.  Tr. 23-24, 249.  By contrast, plaintiff also testified that

she is able to perform yard work, including moving the lawn and planting flowers, for several

hours at a time.  Tr. 54.  She also stated that she did water aerobics three times per week and

continued to work at Lowe's as a cashier after the alleged onset date.  Tr. 38, 54, 237.  A

treatment note from 2011 reveals that plaintiff was capable of working at least 20 hours per

7 - OPINION & ORDER

week, in shifts that lasted from 7 a.m. until 2 p.m., and "sometimes" from 10 a.m. until 7 p.m. Tr. 293. Plaintiff's level of activity after her alleged onset date indicates that her symptoms did not prevent her from working a regular workday. On this record, the ALJ properly found that plaintiff's activities undermined her credibility. Rollins, 261 F.3d at 857; see also Drouin v. Sullivan, 966 F.2d 1255, 1258 (9th Cir. 1992) (evidence that a claimant worked part-time supports a denial of benefits).

Third, the ALJ found that plaintiff's symptoms were alleviated with treatment. Tr. 25. Impairments that can be controlled effectively with medication or treatment are not disabling for purposes of determining eligibility for benefits. Warre v. Comm'r of Soc. Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006). The ALJ may rely on evidence of effective treatment in making a negative credibility finding. 20 CFR § 404.1529(c)(3)(iv) & (v); Tommasetti, 533 F.3d at 1040. Here, examining physician Yong Zhu, M.D., noted on January 19, 2011 that Gabapentin helped "dramatically" with plaintiff's neck and back pain, and with her symptoms of fibromyalgia. Tr. 335. Dr. Zhu also found that Prednisone helped with plaintiff's joint pain and made her "very comfortable." Tr. 329. On December 17, 2012, Laura Rung, M.D., noted that plaintiff's chronic neck pain and headaches were "remarkably responsive to myofascial trigger point injections," and that plaintiff's fibromyalgia was "under excellent control." Tr. 429-34. In sum, the medical record is inconsistent with plaintiff's testimony that pain prevents her from working more than 5 hours at a time and requires her to lie down a majority of the time while at home. Plaintiff's positive response to treatment provides a legally sufficient reason for rejecting her testimony as to the severity of her pain-related limitations. Tommasetti, 533 F.3d at 1040.

Fourth, the ALJ found that plaintiff made inconsistent statements that undermine her credibility. Tr. 24-25. A claimant's inconsistent statements are specific and convincing reasons

8 - OPINION & ORDER

to discount her credibility.  Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001).  Here, plaintiff gave multiple, conflicting reasons to explain why she stopped working her regular hours at Lowe's.  At the hearing, she testified that a doctor told her to reduce her hours, but this was not substantiated by any medical records.  Tr. 23, 47.  Elsewhere, she stated that her employer cut her hours because she could not walk very far.  Tr. 24.  Evidence in the record shows that plaintiff worked up to 37 hours per week through 2010, and cut her hours just before she applied for benefits.  Tr. 38, 147.  On this record, using ordinary techniques of credibility evaluation, it was rational for the ALJ to conclude that plaintiff voluntarily reduced her work hours just before filing for benefits.  Tr. 23, 200; Tommasetti, 533 F.3d at 1039; Tonapetyan, 242 F.3d at 1148.  While plaintiff disagrees with the ALJ's interpretation of the evidence and offers an alternative, the Court must reject plaintiff's interpretation of the evidence because the ALJ's decision was rational.  Sample, 694 F.2d at 642.  In sum, the ALJ provided clear and convincing reasons to reject plaintiff's subjective symptom testimony, and his credibility finding is affirmed.

II.    Medical Evidence

Plaintiff argues, second, that the ALJ improperly evaluated the medical record because he rejected the opinions Lauren Grey, M.D., and Frank Lahman, Ph.D.  The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. Carmickle v. Comm'r, 533 F.3d 1155, 1164 (9th Cir. 2008).  The Ninth Circuit distinguishes between the opinions of three types of physicians: treating physicians, examining physicians, and non-examining physicians.  The opinions of treating physicians are generally accorded greater weight than the opinions of non-treating physicians.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  A treating doctor's opinion that is not contradicted by the opinion of another physician

can be rejected only for "clear and convincing" reasons.  Baxter v. Sullivan, 923 F.2d 1391, 1396

(9th Cir. 1991).

If a treating doctor's opinion is contradicted by the opinion of another physician, the ALJ

must provide "specific, legitimate reasons" for discrediting the treating doctor's opinion.  Murray

v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983).  In addition, the ALJ generally must accord

greater weight to the opinion of an examining physician than that of a non-examining physician.

Lester, 81 F.3d at 830.  As is the case with the opinion of a treating physician, the ALJ must

provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining

physician.  Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990).  If the opinion of an examining

physician is contradicted by another physician's opinion, the ALJ must provide "specific,

legitimate reasons" for discrediting the examining physician's opinion.  Lester, 81 F.3d at 830.

Specific, legitimate reasons for rejecting a physician's opinion may include its reliance on a

claimant's discredited subjective complaints, inconsistency with medical records, inconsistency

with a claimant's testimony, and inconsistency with a claimant's daily activities.  Tommasetti,

533 F.3d at 1040. It is error to ignore an examining physician's medical opinion without

providing reasons for doing so.  An ALJ effectively rejects an opinion when he ignores it.

Smolen, 80 F.3d at 1286.

A.  Treating physician Lauren Gray, M.D.

Dr. Gray became plaintiff's primary care physician in October, 2012.  Tr. 444-49, 463-

65.  In January, 2013, she wrote that it would be difficult for plaintiff to work on a full-time

sustained basis because she experiences flares of chronic pain that interfere with her ability to

work.  Tr. 442.  She opined that plaintiff has "chronic pain including headaches, neck and back

pain, and shoulder pain which is multifactorial in nature, including fibromyalgia, lupus, and degenerative disc disease."[1]  Tr. 460.

The ALJ rejected Dr. Gray's opinion.  Tr. 25-26.  The ALJ found that Dr. Gray's opinion was contradicted by other medical evidence in the record, including Dr. Lahman's opinion that plaintiff could work up to 9 hours in one day at Lowe's.  Tr. 26, 293.  Because the medical record conflicted with Dr. Gray's opinion, the ALJ was required to provide specific, legitimate reasons for rejecting it.  Lester, 81 F.3d at 830.

The ALJ noted that Dr. Gray's opinion was inconsistent with her own treatment notes and findings.  Tr. 26.  The ALJ need not accept a physician's opinion that is brief, conclusory, and inadequately supported by clinical findings, Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005), and may reject a physician's conclusions that are not supported by his own treatment notes.  Connett, 340 F.3d at 875.  For example, Dr. Gray's treatment notes reveal that plaintiff was "doing really well" on examination and that she planned to volunteer at the humane society as a dog walker.  Tr. 444, 446.  Dr. Gray recommended that plaintiff remain active, lose weight, and continue going to work and interacting with people throughout the day.  Tr. 446, 465.  These findings arguably conflict with Dr. Gray's opinion that plaintiff could not sustain full-time employment.  Accordingly, the ALJ properly rejected that portion of Dr. Gray's opinion. Connett, 340 F.3d at 875.

The ALJ also found that Dr. Gray's opinion was inconsistent with the record as a whole. Tr. 26.  A physician's opinion regarding a claimant's level of impairment may be rejected because it is unreasonable in light of other evidence in the record.  Morgan, 169 F.3d at 601. Here, the ALJ noted that plaintiff was able to perform light work in her job and as exemplified

---

[1] Dr. Gray also wrote that she agreed with a summary of plaintiff's limitations written by plaintiff's attorney, Brent Wells.  Tr. 460.  The summary states that plaintiff cannot perform full-time work on a sustained basis due to chronic pain flares.  Id.

11 - OPINION & ORDER

by her daily activities, which contradicted Dr. Gray's opinion that she could not work.  Tr. 26, 54, 293.  On this record, the ALJ provided specific, clear and convincing reasons for rejecting Dr. Gray's controverted opinion.  See Tonapetyan, 242 F.3d at 1149 (the ALJ need not accept a medical opinion that is brief and conclusory when confronted with conflicting evidence regarding a claimant's condition).  The ALJ's rejection of Dr. Gray's opinion is affirmed.

B.  Examining psychologist Frank Lahman, Ph.D.

Examining psychologist Dr. Lahman performed a psychodiagnostic evaluation on July 21, 2011.  Tr. 291.  He diagnosed adjustment disorder with depressed mood, polyarthralgia, fibromyalgia, sleep apnea, and lupus.  Tr. 295.  Dr. Lahman opined plaintiff had a pattern of speaking without filtering her thoughts and acting with insufficient inhibition of emotion, and concluded that plaintiff would function best in a job with little public contact.  Id.

The ALJ rejected Dr. Lahman's opinion, noting that it rested upon a single examination and was inconsistent with the record as a whole.  Tr. 26.  A physician's opinion regarding a claimant's level of impairment may be rejected because it is unreasonable in light of other evidence in the record.  Morgan, 169 F.3d at 601.  For example, the ALJ found that Dr. Lahman's opinion sharply contrasted with plaintiff's testimony.  Plaintiff testified to the ALJ that she did not have problems dealing with people, and that she enjoyed working with the public.  Tr. 44-45.  Plaintiff also testified that she has never had trouble with law enforcement, her neighbors, or other members of the public.  Tr. 45-46.  The ALJ thus properly rejected Dr. Lahman's opinion as unreasonable in light of plaintiff's testimony.

The ALJ also found that Dr. Lahman's limitation on public contact was inconsistent with the medical record provided by the consultative agency physicians.  Morgan, 169 F.3d at 601.  For example, agency physician Dorothy Anderson, Ph.D. reviewed Dr. Lahman's evaluation

notes and entire record and opined that plaintiff's ability to interact with the general public was

only moderately limited.  Tr. 87.  The ALJ's rejection of Dr. Lahman's opinion was thus

supported by legally sufficient reasons, and is affirmed.  Morgan, 169 F.3d at 601; see also

Tommasetti, 533 F.3d at 1040.

III.    Step two findings

Plaintiff next argues that the ALJ erred because he failed to include her mental limitations

at steps two and four of the sequential analysis.  Pl.'s Br. 18.  The step two inquiry is the de

minimis screening device used to dispose of groundless claims.  Smolen, 80 F.3d at 1290.  At

step two, a plaintiff must present evidence of an impairment or impairments which are so severe

that it "significantly limits [a plaintiff's] physical and mental ability to do basic work activities."

20 C.F.R. § 404.1520(c).  "The severity regulation increases the efficiency and reliability of the

evaluation process by identifying at an early stage those claimants whose medical impairments

are so slight that it is unlikely that they would be found disabled even if their age, education, and

experience were not taken into account."  Yuckert, 482 U.S. at 153.  Where the plaintiff meets

the de minimis threshold, the ALJ continues with the sequential analysis, considering the effect

of all of the plaintiff's impairments, whether severe or non-severe.  SSR 96–8p, 1996 SSR

LEXIS 5 at *14–15.  Therefore, reversible error occurs only when a severe impairment excluded

at step two caused additional functional limitations not accounted for in the RFC assessment.

Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007).

The ALJ resolved step two in plaintiff's favor.  Tr. 21.  Thus, any error in neglecting to

mention plaintiff's depression was harmless if all of her impairments were considered in the

RFC.  Id.; see also Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007) (once step two is

resolved in the claimant's favor, the only issue is whether the treatment records establish any

13 - OPINION & ORDER

work-related limitations incompatible with the ALJ's ultimate decision).  While the Court

acknowledges some evidence of depressive symptoms in the record, the Court also notes that

plaintiff reported she does not "feel depressed."  Tr. 291, 292.  Further, Dr. Lahman found "no

signs of significant depression" after performing a psychodiagnostic examination.  Id.  Most

importantly, plaintiff does not identify any credible limitations related to her alleged depression

that were omitted from the RFC.  See Tr. 291, 300, 316; see also Bayliss, 427 F.3d at 1217 (the

ALJ need not incorporate limitations into the RFC the he finds not credible).  Therefore, any

error at step two was harmless.  The ALJ's step two findings are affirmed.

IV.    Lay witness testimony

Plaintiff argues, finally, that the ALJ erred in rejecting the lay testimony of her fiancé,

Michael King.  Pl.'s Br. 18.  The ALJ must to provide "germane reasons" for rejecting lay

testimony. 20 C.F.R. § 404.1513(d)(1); Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001). The

ALJ need not discuss every witness's testimony, and "if the ALJ gives germane reasons for

rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting

similar testimony by a different witness."  Molina v. Astrue, 674 F.3d 1104, 1114 (9th Cir.

2012).  Inconsistency with other evidence in the record is a germane reason for rejecting the

testimony of a lay witness.  Lewis, 236 F.3d at 511.  It is not reversible error to reject lay

testimony when "the lay testimony described the same limitations as [claimant's] own testimony,

and the ALJ's reasons for rejecting [claimant's] testimony apply with equal force to the lay

testimony."  Molina, 674 F.3d at 1122.

Mr. King completed a third party function report on February 16, 2011, describing

plaintiff's symptoms and limitations.  Tr. 218-25.  He wrote that plaintiff "functions at her

normal routines" with work and house care "as best she can."  Id.  Mr. King stated that plaintiff

14 - OPINION & ORDER

can prepare simple meals and sometimes requires assistance with housework and cooking.  Tr.

220.  Mr. King also wrote that plaintiff's pain has gradually increased over the past year, and that

she has periods where she suffers from depression and anxiety.  Tr. 225.

       The ALJ acknowledged Mr. King's opinion in his decision.  Tr. 23.  Plaintiff contends

that the ALJ improperly rejected Mr. King's opinion that plaintiff suffers from periods of

depression and anxiety, but provides no argument setting forth any functional limitations

suggested or implied by Mr. King's lay testimony.  As noted, the ALJ is not required to

incorporate restrictions not supported by substantial evidence into the RFC.  Bayliss, 427 F.3d at

1217; see also Osenbrock v. Apfel, 240 F.3d 1157, 1164-66 (9th Cir. 2001)  To the extent that

the ALJ rejected a portion of Mr. King's lay testimony, any error was harmless because Mr.

King did not set forth any concrete limitations that could be incorporated into the RFC.  The

ALJ's conclusion that plaintiff can perform some of her past relevant work is therefore affirmed.

CONCLUSION

       Based on the foregoing, the Commissioner's decision is AFFIRMED.

       IT IS SO ORDERED.

Dated this _____ day of _____, 2014

_____
MARCO A. HERNÁNDEZ
United States District Judge

15 - OPINION & ORDER